**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| THE FEW, THE PROUD, THE FORGOTTEN *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br>    Defendant. | No. 3:16-CV-647 (VAB) |

**ORDER**

Having conducted a hearing regarding outstanding discovery on January 31, 2018, and upon further consideration, the Court orders the following: (1) Plaintiffs will submit additional search terms to the Defendant by February 7, 2018; (2) separately, the parties will file a status report with the Court on February 14, 2018; and (3) the parties and representatives from the Department of Veterans Affairs would return to Court for a follow-up hearing on **Monday, February 26, 2018 at 10:00 a.m.** in Courtroom 2 of the Brien McMahon Federal Building, 915 Lafayette Blvd., Bridgeport, CT.

At this hearing, the parties will again discuss a plan for the efficient and orderly resolution of this case and the representatives from the Department of Veterans Affairs, to the extent necessary, will have to testify under oath about their efforts to address the outstanding discovery. Following this hearing, the Court will issue a new order, relating to the outstanding discovery, to the extent necessary, and will develop a process for ensuring compliance with it. In the interim, Plaintiffs will be permitted to take depositions of Department of Veterans Affairs personnel regarding the outstanding discovery. *See Deitz v. Bouldin*, 136 S. Ct. 1885, 1892

1

(2016) (noting a court's inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases.")

The reasons for this ruling are as follows:

On May 26, 2017, the Court issued a summary judgment ruling, finding that Defendant, the United States Department of Veteran Affairs, had adequately searched its requests with respect to paragraphs 14 and 15 of Plaintiffs, The Few, the Proud, the Forgotten, et al., but had failed to search adequately for the remaining searches. Order on Mot. for Summ. J. at 1, ECF No. 39. The Court also noted that "Defendant may submit any supplemental responsive information within thirty days of this Order," *id*. at 31, and "any additional affidavits describing its searches within forty-five days of this Order." *Id*. The Court also noted that "[a]fter this forty-five day period, Plaintiffs may conduct depositions consistent with this Order." *Id*.

Not long after this Order, Defendant sought an extension of time until July 10, 2017 and July 24, 2017 to comply with it. ECF No. 40. The Court granted this motion. ECF No. 41. On September 26, 2017, Plaintiffs, with consent from Defendant, moved for a status conference to set deadlines for the production of outstanding documents and search declarations. ECF No. 42. The Court granted this motion, ECF No. 43, and held a telephonic status conference on October 4, 2017. ECF No. 46. The Court then issued an order requiring that Defendant's supplemental declarations be due by October 20, 2017 and Defendant's supplemental document production be due by January 12, 2018. On December 19, 2017, the Court held another status conference, regarding the upcoming document production due by January 12, 2018. ECF No. 57. The Court "ordered that all document production be completed by 01/12/2018." ECF No. 59. The Court further ordered that: "In the event that all documents are not produced by the deadline, the Court ORDERS the United States Department of Veterans Affairs to make available representative

from the Agency with the appropriate authority an technical knowledge to testify in person at the 01/17/2018 hearing about why production has been delayed" and "provide a schedule for the [case's] efficient resolution." *Id.*

Defendant failed to produce the documents by January 12, 2018 and the Court held a hearing on January 31st, having continued the January 17, 2018 date, at the request of Defendant. ECF No. 63. At the hearing on January 31st, Defendant produced several representatives from the Department of Veterans Affairs who were prepared to testify as to why documents have not been produced and when documents will be produced. Not too long into the hearing, the Court decided that the presence of representatives from Defendant provided a propitious moment for the parties to meet and discuss a way forward.

The parties agreed to the following: (1) Plaintiffs will submit additional search terms to the Defendant by February 7, 2018; (2) separately, the parties will file a status report with the Court on February 14, 2018; and (3) the parties and representatives from the Department of Veteran Affairs would return to Court for a follow-up hearing on Monday, February 26, 2018 at 10:00 a.m. in Courtroom 2 of the Brien McMahon Federal Building, 915 Lafayette Blvd., Bridgeport, CT. At that hearing, the parties will again discuss a plan for the efficient and orderly resolution of this case.

At the January 31st hearing, the Court declined an invitation from the Plaintiffs to permit the taking of depositions of knowledgeable Department of Veterans Affairs personnel, regarding their searches. In so ruling, however, the Court failed to consider properly its earlier summary judgment ruling, permitting depositions to be taken several months ago. ECF No. 37. While this ruling assumed that document production would already have been provided, since Defendant has not provided the requested discovery in the last several months and the Court has no

indication of when the Defendant will comply fully with its Order, the Court sees no reason to limit the discovery tools available to Plaintiffs for addressing the outstanding discovery in this case. The Court therefore will permit Plaintiffs to take depositions consistent with its May 26, 2017 Order at any time. *See Deitz*, 136 S. Ct. at 1888–90 (2016) (stating that district courts have inherent powers such as modifying or rescinding its orders before final judgment in a civil case or to manage its docket and courtroom with a view toward the efficient and expedient resolution of cases); *see also Petz v. Ethan Allen, Inc.*, 113 F.R.D. 494, 497 (D. Conn. 1985) ("[A] court may exercise broad discretion to manage the discovery process in a fashion that will implement full disclosure and, at the same time, afford the participants protection against harmful side effects.").

The Court appreciates that this two-pronged approach to discovery may be inconvenient for Defendant, but recognizes that the considerable delays in discovery, matters in Defendant's control, necessitates this ruling. Obviously, the sooner Defendant addresses the outstanding discovery issues identified in the Court's May 26, 2017 Order, the sooner any such inconvenience will end. *Cf. Petz*, 113 F.R.D. at 496 ("Broad requests for production are not necessarily harassing or burdensome where the party requesting discovery is ignorant of the specific contents of the opposing party's records.").

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of February, 2018.

                                               /s/ Victor A. Bolden
                                               VICTOR A. BOLDEN
                                               UNITED STATES DISTRICT JUDGE