# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

THE FEW, THE PROUD, THE
FORGOTTEN *et al.*,
     Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS,
     Defendant.

No. 3:16-cv-647 (VAB)

## ORDER ON MOTION FOR CIVIL CONTEMPT

Connecticut State Council of Vietnam Veterans of America, The Few, The Proud, The Forgotten, and the Vietnam Veterans of America's (together, "Plaintiffs"), brought this action against the United States Department of Veterans Affairs ("Defendant"), raising two claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, concerning a request for Defendant's records.

Plaintiffs have moved to find Defendant in civil contempt.

For the reasons that follow, the motion is **DENIED** without prejudice. Consistent with the Court's inherent authority to manage its docket with a "view toward the efficient and expedient resolution of cases," *Deitz v. Bouldin*, __ U.S. __, 136 S. Ct. 1885, 1892 (2016), the Court orders the following:

(1)  on or before May 11, 2018, Defendant may submit a response to Plaintiffs' pre-
hearing submissions, ECF Nos. 95, 96;

(2) on or before May 11, 2018, Defendant shall submit a plan, specifically setting out how Defendant will proceed to ensure full compliance with the Court's May 26, 2017, Order, ECF No. 39, on or before January 11, 2019;

(3) Defendant shall submit monthly status reports on or before the following dates: June 15th, July 13th, August 17th, September 21st, October 19th, November 16th, and December 21st of 2018 detailing at least:

   (a) the number of documents that have been decrypted, processed, reviewed for responsiveness, and redacted during each period;

   (b) the number of documents that still need to be decrypted, processed, reviewed for responsiveness, and redacted during each period;

   (c) the number of the Veterans Health Administration ("VHA") and the Veterans Benefits Administration ("VBA") employees, provided in terms of full-time equivalence, working on Defendant's document production; and

   (d) notifying the Court if, at any time, Defendant no longer believes it can comply with the January 11, 2019, final deadline for production;

(4) the Court will hold monthly in-person status conferences on the following dates at which Defendant shall make available a representative (or representatives) with technical knowledge to testify as to the VA's document production process: June 25th at 11:00 a.m., July 17th at 11:00 a.m., August 24th at 11:00 a.m., September 28th at 11:00 a.m., October 25th at 11:00 a.m., November 19th at 11:00 a.m. of 2018, and January 11th at 11:00 a.m. of 2019 in Courtroom 2 of the Brien McMahon Federal Building, 915 Lafayette Blvd., Bridgeport, CT;

(5) Defendant shall submit to Plaintiffs within thirty days of the date of this Order declarations from the VHA and VBA Chiefs of Staff detailing what additional resources, if any, have been allocated to Plaintiffs' request for documents; and

(6) Defendant must complete all document production consistent with the Court's May 26, 2017, Order by January 11, 2019.

The reasons for this ruling are as follows:

On May 26, 2017, the Court issued a summary judgment ruling, finding that Defendant had adequately searched its requests with respect to paragraphs 14 and 15 of Plaintiffs request under the FOIA, but had failed to search adequately for the remaining searches. Order on Mot. for Summ. J. at 31, ECF No. 39.

Not long after this Order, Defendant sought an extension of time until July 10, 2017, and July 24, 2017, to comply with it. ECF No. 40. The Court granted this motion. ECF No. 41. On September 26, 2017, Plaintiffs, with consent from Defendant, moved for a status conference to set deadlines for the production of outstanding documents and search declarations. ECF No. 42. The Court granted this motion, ECF No. 43, and held a telephonic status conference on October 4, 2017. ECF No. 45. The Court then issued an order requiring that Defendant's supplemental declarations be due by October 20, 2017, and Defendant's supplemental document production be due by January 12, 2018. On December 19, 2017, the Court held another status conference, regarding the upcoming document production due by January 12, 2018. ECF No. 57. On October 4, 2017, the Court "ordered that all document production be completed by 1/12/2018." ECF No. 59. On December 19, 2017, the Court further ordered that: "In the event that all documents are not produced by the deadline, the Court ORDERS the United States Department of Veterans Affairs to make available a representative from the Agency with the appropriate authority and

3

technical knowledge to testify in person at the 1/17/2018 hearing about why production has been delayed" and "to provide a schedule for the [case's] efficient resolution." *Id.*

Defendant failed to produce the documents by January 12, 2018 and the Court held a hearing on January 31st, having continued the January 17, 2018 date, at the request of Defendant. ECF No. 63. At the hearing on January 31st, Defendant produced several representatives from the Department of Veterans Affairs who were prepared to testify as to why documents have not been produced and when documents will be produced. Not too long into the hearing, the Court decided that the presence of representatives from Defendant provided a propitious moment for the parties to meet and discuss a way forward.

At the January 31st hearing, the parties again discussed a plan for the efficient and orderly resolution of this case, and the Court declined an invitation from Plaintiffs to permit the taking of depositions of knowledgeable Department of Veterans Affairs personnel, regarding their searches. ECF No. 63. Upon further consideration, the Court, consistent with its earlier summary judgment ruling, permitted depositions to be taken. ECF No. 64.

The Court also ordered the following: (1) Plaintiffs would submit additional search terms to Defendant by February 7, 2018; (2) separately, the parties would file a status report with the Court on February 14, 2018; and (3) the parties and representatives from the Department of Veteran Affairs would return to Court for a follow-up hearing on February 26, 2018. ECF No. 64.

On February 16, 2018, Plaintiffs moved for an order to show cause for contempt or, in the alternative, why a stay should issue. ECF No. 76. On February 26, 2018, the Court held yet another hearing to discuss the progress of this case and the pending motion, ECF No. 86, after which the Court issued an Order to show cause also on February 26, 2018, ECF No. 87. The

Order stated that Plaintiffs had provided insufficient evidence to hold Defendant in civil contempt based on the record as it then stood and given Defendant's renewed efforts to comply with this Court's Orders. ECF No. 87; *see* Status Report, filed February 14, 2018, ECF No. 68. Taking the motion under advisement, the Court ordered the parties to file separately a status report by March 26, 2018, and that after the status reports and any discovery related to a civil contempt hearing necessitated by those filings, the Court would be able to determine whether sanctions were necessary to ensure the resolution of this case. ECF No. 87. The Court also set another status conference for April 10, 2018. ECF No. 87.

At the April 10, 2018, conference the Court heard oral argument on the pending motion for a civil contempt in light of factual discovery conducted after the Court's February 26, 2018, Order and Plaintiffs' proposed findings of fact and conclusions of law. ECF Nos. 95–97.

Having considered the extensive procedural history of this case and the arguments presented by the parties at the April 10, 2018, hearing, the Court has determined that the remedial measures noted above are required to bring this case to a timely and efficient resolution. The considerable delays in discovery, matters in Defendant's control, necessitates this ruling. *See Dietz*, 136 S. Ct. at 1888–90 (stating that district courts have inherent powers to modify or rescind their orders before final judgment in a civil case, or to manage their docket and courtroom with a view toward the efficient and expedient resolution of cases); *see also Petz v. Ethan Allen, Inc.*, 113 F.R.D. 494, 497 (D. Conn. 1985) ("[A] court may exercise broad discretion to manage the discovery process in a fashion that will implement full disclosure and, at the same time, afford the participants protection against harmful side effects.") (citation omitted).

Given the remedial measures set out above, the Court **DENIES** the motion to find Defendant in civil contempt without prejudice to renewal at a later date as appropriate. If Defendant fails to submit a suitable plan for the resolution of discovery in this case by January 11, 2019, or submits such a plan and fails to complete discovery by January 11, 2019, the Court will reconsider whether additional measures, including monetary sanctions,[1] are necessary.

**SO ORDERED** Bridgeport, Connecticut, this 19th day of April, 2018.

   /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs have asked that the Court require Defendant to pay reasonable attorney fees, but the Court need not address the issue at this point in the case, given that the decision to defer consideration of sanctions, consistent with this Order, and the Court may award reasonable "attorney fees and other litigation costs" to a party that has "substantially prevailed" on the merits. 5 U.S.C. § 552 (a)(4)(E)(i).