## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE FEW, THE PROUD, THE FORGOTTEN; VIETNAM VETERANS OF AMERICA; and CONNECTICUT STATE COUNCIL OF VIETNAM VETERANS OF AMERICA,<br><br>                              Plaintiffs,<br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>                              Defendant. | Civil Action No. 3:16-cv-00647 (VAB)<br><br>June 22, 2018 |

## JOINT STIPUATION AND PROPOSED ORDER REGARDING MODIFICATION OF THE SCOPE OF PRODUCTION

The Parties in the above-captioned matter have conferred and hereby stipulate and agree, subject to approval and entry by the Court, to the following:

WHEREAS, the Plaintiffs submitted a request pursuant to the Freedom of Information Act ("FOIA") to the Defendant Department of Veterans Affairs ("VA") on December 7, 2015, seeking records about the Subject Matter Expert ("SME") program used by VA to adjudicate disability benefits claims filed by veterans exposed to toxic water while living at Marine Corps Base Camp Lejeune between 1953 and 1987;

WHEREAS, on April 27, 2016, the Plaintiffs commenced this action, requesting that the Court compel disclosure of the requested records;

WHEREAS, on December 23, 2016, Defendant moved for partial summary judgment, and Plaintiffs opposed Defendant's motion; and on May 26, 2017, the Court granted in part and denied in part Defendant's motion for partial summary judgment and ordered the completion of production of all records within thirty days of its ruling;

WHEREAS, in the months following the Court's ruling on partial summary judgment and after extensions of time requested by Defendant, further status reports, status conferences, and additional filings in this action, including a Motion for Contempt filed by the Plaintiffs for failure to timely complete production of all responsive records, the Defendant has not yet completed production of responsive records;

WHEREAS, in denying the Plaintiffs' Motion for Contempt without prejudice, the Court ordered the Defendant to complete all outstanding production by January 11, 2019, consistent with the Court's May 26, 2017 Order, and to submit a plan by May 11, 2018 setting out how the Defendant will proceed to ensure the completion of production by that deadline;

WHEREAS, the Defendant timely submitted the required plan for the completion of production by January 11, 2019, ECF No. 100, and such plan calls for, among other things, the procurement of a contract, at an estimated cost of $2.5 million, to secure additional assets that would allow VA to produce approximately 75,000 pages per month to the Plaintiffs, which would allow Defendant to satisfy the Court's deadline for completion of production by January 11, 2019;

WHEREAS, since the submission of Defendant's plan to ensure compliance with the Court's production deadline, the parties have been engaged in extensive negotiations regarding the scope of Plaintiffs' FOIA request and the estimated quantity of outstanding production based on the number of custodians' records to be searched, redacted, and produced;

WHEREAS, the parties believe that reducing the number of custodians who have potentially responsive records to be produced to Plaintiffs would reduce the total number of documents to be produced without compromising the quality of information and transparency of governmental actions revealed to Plaintiffs through such production, while also reducing the

total cost of compliance with FOIA obligations for Defendant;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties and subject to the approval of the Court, that:

1. From the date of this Stipulation forward, the Defendant shall produce responsive records from only the following custodians in response to Plaintiffs' FOIA request:

   - The fourteen VA employees listed in Plaintiffs' December 7, 2015 FOIA request, i.e. Dr. Terry Walters, Dr. Gerald Cross, Brad Flohr, Dr. Michael Koopmeiners, Dr. Victoria Cassano, Dr. Carolyn Clancy, Dr. Ralph Erickson, Dr. Deborah Heaney, Dr. Ronald F. Teichman; Dr. Wanda Blaylark , Dr. Gary B. Wilhelm, Dr. Amir Mohammad; Dr. Ronit Ben-Abraham Katz; Dr. Alan Dinesman;

   - A Subject Matter Expert ("SME"), exclusive of the fourteen VA employees listed above, who has been involved with the Camp Lejeune Subject Matter Expert Program for the longest period of time. If multiple SMEs have the same tenure, Defendant's counsel will select a representative custodian from that group at random;

   - The SME who began work in the Camp Lejeune SME Program in 2015;

   - The DMA and VBA Central Office employees identified by Defendant's Counsel as among the 64 custodians identified as possessing potentially responsive records;

   - The 10 custodians in the Louisville Regional Office identified by Defendant's Counsel as among the 64 custodians identified as possessing potentially responsive records.

2. No other terms or conditions related to the Defendant's response to Plaintiffs' FOIA request is modified by this Stipulation, and the parties do not intend nor request any changes regarding the schedule for status reports or status conferences ordered by the Court in its April 19, 2018 Order on Plaintiffs' Motion for Contempt.

3. Plaintiffs do not waive their right to challenge the propriety of any withholdings, in whole or in part, from records released in response to the searches and production described herein.

4. The parties understand and agree that this Stipulation and Proposed Order contain the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

5. The parties hereby declare that they have voluntarily entered into this Stipulation in good faith, have read and fully understand the entire Stipulation, and consider it to be a fair and reasonable agreement. The parties hereby declare further that the undersigned counsel are fully authorized to enter into this Stipulation on behalf of their respective clients.

6. The parties may execute this Stipulation in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Facsimiles and pdf versions of signatures shall constitute binding signatures for purposes of this Stipulation.

Dated: June 22, 2018
New Haven, Connecticut

Respectfully submitted,


By: /s/ Aaron P. Wenzloff

Helen E. White, Law Graduate
Aaron Wenzloff, Supervising Attorney, ct28616
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Org.
Yale Law School
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
aaron.wenzloff@ylsclinics.org

John H. Durham
United States Attorney

/s/ JWL

John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
Tel: 860-947-1101
Fax: 860-760-7979
john.larson@usdoj.gov

06/22/2018

**SO ORDERED.**

Dated: June ____, 2018
Bridgeport, Connecticut

_____

HON. VICTOR A. BOLDEN
United States District Judge

5