UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE FEW, THE PROUD, THE FORGOTTEN, et al., *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, *Defendant*. | No. 3:16-cv-647 (VAB) |

**ORDER**

Connecticut State Council of Vietnam Veterans of America, The Few, The Proud, The Forgotten, and the Vietnam Veterans of America (together, "Plaintiffs"), brought this action, in April 2016, against the United States Department of Veterans Affairs ("Defendant"), raising two claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., concerning a request for Defendant's records. Compl., ECF No. 1.

Following years of litigation, including a motion for summary judgment by Defendant, Mot. for Summ. J., ECF No. 26; *see also* Order Granting in Part and Denying in Part Mot. for Summ. J., ECF No. 39; and a motion for an order of civil contempt by Plaintiff, Mot. for Civil Contempt, ECF No. 76; *see also* Order on Mot. for Civil Contempt, ECF No. 98; the parties reported that "Defendant completed production by January 11, 2019," Consent Motion to Reschedule January Status Conference, ECF No. 141.

Accordingly, the Court scheduled a final telephonic status conference. Notice of E-Filed Calendar, ECF No. 142 ("NOTICE OF E-FILED CALENDAR. Set Deadlines/Hearings: Terminal Telephonic Status Conference set for 4/25/2019[.]"). At that conference, and with no

1

prior notice to the Court, Plaintiffs announced wanting to seek summary judgment regarding the redaction of documents. Minute Entry, ECF No. 144. While during that conference, the Court set a schedule for this filing, upon further review, the Court has decided a different course of action is warranted.

In doing so, as described in the Court's April 2018 Order on Plaintiff's motion for civil contempt, the Court exercises its inherent authority to ensure an efficient and expedient resolution of this case. Order on Mot. for Civil Contempt at 5 ("Having considered the extensive procedural history of this case and the arguments presented by the parties at the April 10, 2018, hearing, the Court has determined that the remedial measures noted above are required to bring this case to a timely and efficient resolution."); *Deitz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016)(stating that district courts have inherent power to manage their dockets with a "view toward the efficient and expedient resolution of cases[.]").

Indeed, in its summary judgment ruling on May 26, 2017, the Court addressed issues relating to redactions. Order Granting in Part and Denying in Part Mot. for Summ. J. at 25–30.

As a result, to the extent that the Defendant has failed to provide discovery consistent with this Court's previous summary judgment ruling, Plaintiffs should address these issues through a renewed motion for civil contempt under the applicable standards for such a motion. *See* Order on Mot. for Civil Contempt at 6 ("Given the remedial measures set out above, the Court DENIES the motion to find Defendant in civil contempt without prejudice to renewal at a later date as appropriate."). To the extent the discovery provided resulted in redactions not already contemplated by the Court's previous summary judgment ruling, these issues also can and should be similarly addressed through a renewed motion for civil contempt.

At this point, however, the Court sees no reason to re-start this litigation with another summary judgment motion, particularly given the age of this case and the absence of anything on the court docket suggesting this issue's significance.

Accordingly, if Plaintiffs wish to renew their motion for civil contempt, consistent with the time frame established in the Court's April 25, 2019 order for the filing of a motion for summary judgment, this renewed motion for contempt should address: (1) the Court's earlier substantive ruling on the issue of redaction, *see* Order Granting in Part and Denying in Part Mot. for Summ. J. at 25–30; (2) the Court's earlier ruling on civil contempt, Order on Mot. for Civil Contempt; and (3) whether any current issue of redaction could have and should have been raised with the Court before, *see* Consent Motion to Reschedule January Status Conference ("Defendant completed production by January 11, 2019[.]").

**SO ORDERED** at Bridgeport, Connecticut, this 26th day of April, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE