# EXHIBIT G

BEFORE THE MINNESOTA

BOARD OF MEDICAL PRACTICE



In the Matter of the                                                    STIPULATION
Medical License of                                                      AND ORDER
Michael B. Koopmeiners MD
Date of Birth:          5-20-52
License Number:    25,515

    IT IS HEREBY STIPULATED AND AGREED, by and between Michael B. Koopmeiners, MD (hereinafter "Respondent"), and the Minnesota Board of Medical Practice (hereinafter "Board") as follows:

    1.    During all times herein, Respondent has been and now is subject to the jurisdiction of the Board from which he holds a license to practice medicine and surgery in the State of Minnesota;

## FACTS

    2.    For the purpose of this stipulation, the Board may consider the following facts as true:

    a    In approximately 1985, Respondent's use of alcohol became problematic when he began binging three to four days a week, consuming eight ounces of alcohol each of these days. Beginning in 1987, Respondent increased his drinking to four or five nights a week and often drank to get drunk;

    b.    Respondent's drinking resulted in preoccupation, drinking to reduce stress, rapid intake, hiding his use, binge use, and using alone. Respondent did not drink while on duty or while on call. The only effect Respondent's drinking had on his medical practice was that he was "not as quick" the morning after he drank and he was more unforgiving and demanding of the residents;

c. On August 28, 1989, Respondent entered Riverside Medical Center, Minneapolis, Minnesota, for outpatient chemical dependency treatment. Following discharge on September 28, 1989, Respondent continued in his aftercare plan. This plan included involvement in a mens' growth group, Physicians Serving Physicians, and Alcoholics Anonymous;

d. On October 23, 1989, Respondent was charged in Hennepin County District Court with two counts of Criminal Sexual Conduct in the First Degree. On January 19, 1990, Respondent pled guilty to one of these charges and received a suspended sentence of 43 months, 15 years probation, and six months in the Hennepin County Workhouse. In addition, Respondent was ordered to pay the cost of therapy for his sons, to have no arrests with probable cause during the time of probation, and to continue in therapy.

## STATUTES

3. The Board views Respondent's practices as inappropriate in such a way as to require Board action under Minn. Stat. § 147.091, subd. (l) and (r) (1990) and Respondent agrees that the conduct cited above constitutes a reasonable basis in law and fact to justify the disciplinary action;

## REMEDY

4. Upon this stipulation and all of the files, records, and proceedings herein, and without any further notice or hearing herein, Respondent does hereby consent that until further order of the Board, made after notice and hearing upon application by Respondent or upon the Board's own motion, the Board may make and enter an order conditioning and restricting Respondent's license to practice medicine and surgery in the State of Minnesota as follows:

a. Respondent shall abstain completely from alcohol and all mood-altering chemicals unless they are prescribed by a treating physician or dentist who has been informed of Respondent's drug use history;

    b.    Respondent shall attend Alcoholics Anonymous, Growth Group, or Alpha House meetings three times a week. Quarterly reports shall be submitted to the Board from Respondent's sponsor(s) regarding his attendance and progress;

    c.    Respondent shall join Physicians Serving Physicians and shall attend monthly meetings of that organization. Quarterly reports shall be submitted to the Board from Respondent's Physicians Serving Physicians sponsor(s) regarding his attendance and progress;

    d.    Respondent shall make arrangements with his supervising physician Board to order, without notice, blood and urine tests of Respondent on a random basis, but no less frequently than one blood screen and three urine screens a month. The blood and urine screens shall be:

        1)    Observed in their drawing;

        2)    Handled through legal chain of custody methods;

        3)    Paid for by Respondent.

The biological fluid testing shall take place at Hennepin County Medical Center, 701 Park Avenue South, Minneapolis, Minnesota 55415, and shall screen for opiates, cocaine, barbiturates, amphetamines, benzodiazepines, marijuana, and other drugs of abuse, including alcohol. If the blood and urine testing is to be completed through the mail, the drug screening tests used must be those obtained from Hennepin County Medical Center. All blood and urine tests processed through the mail must be directed to the attention of Calvin Bandt, MD, at Hennepin County Medical Center;

    e.    Respondent shall successfully fulfill the terms of his criminal probation;

    f.    Within one month of the issuance of this Stipulation And Order, Respondent shall undergo an inpatient evaluation at Golden Valley Health Center under the direction of Richard Irons, MD. Following review of this evaluation, the Board may reevaluate this matter and revise this Stipulation And Order;

   g. Respondent shall continue in psychotherapy with a therapist approved by the Board. Quarterly reports shall be submitted to the Board from Respondent's therapist regarding his progress under the terms of this Stipulation And Order;

   h. Respondent shall not treat any patient under 18 years of age;

   i. Respondent shall meet with a supervising physician approved by the Board on a monthly basis to review his progress under the terms of this Stipulation And Order. The supervising physician shall report to the Board the results of those tests and quality of Respondent's medical practice on at least a quarterly basis and immediately upon becoming aware of any evidence from these tests or otherwise that Respondent has used opiates, cocaine, barbiturates, amphetamines, benzodiazepines, marijuana, and other drugs of abuse, including alcohol;

   j. Respondent shall meet on a quarterly basis with a designated Board member. Such meetings shall take place at a time mutually convenient to Respondent and the designated Board member. It shall be Respondent's obligation to contact the designated Board member to arrange each of the quarterly meetings. The purpose of such meetings shall be to review Respondent's progress under the terms of this Stipulation And Order;

   k. Respondent shall notify the Board of any change in his practice setting within 30 days of the change.

  5. Within ten days of the date of this order, hospitals at which Respondent currently has medical privileges. The information shall be sent to Richard L. Auld, Board of Medical Practice, Suite 106, 2700 University Avenue West, St. Paul, Minnesota 55114;

  6. If Respondent shall fail, neglect, or refuse to fully comply with each of the terms, provisions, and conditions herein, the license of Respondent to practice medicine and surgery in the State of Minnesota shall be suspended immediately upon written notice by the Board to Respondent, such a suspension to remain in full force and effect until Respondent petitions the Board to terminate the suspension after a hearing. Nothing

-4-

contained herein shall prevent the Board from revoking or suspending Respondent's license to practice medicine and surgery in the State of Minnesota after any such hearing;

7. In the event the Board in its discretion does not approve this settlement, this stipulation is withdrawn and shall be of no evidentiary value and shall not be relied upon nor introduced in any disciplinary action by either party hereto except that Respondent agrees that should the Board reject this stipulation and if this case proceeds to hearing, Respondent will assert no claim that the Board was prejudiced by its review and discussion of this stipulation or of any records relating hereto;

8. In the event Respondent should leave Minnesota to reside or practice outside the state, Respondent shall promptly notify the Board in writing of the new location as well as the dates of departure and return. Periods of residency or practice outside of Minnesota will not apply to the reduction of any period of Respondent's suspended, limited, or conditioned license in Minnesota unless Respondent demonstrates that practice in another state conforms completely with Respondent's Minnesota license to practice medicine;

9. Respondent waives any further hearings on this matter before the Board to which Respondent may be entitled by Minnesota or United States constitutions, statutes, or rules and agrees that the order to be entered pursuant to the stipulation shall be the final order herein;

10. Respondent hereby acknowledges that he has read and understands this stipulation and has voluntarily entered into the stipulation without threat or promise by the Board or any of its members, employees, or agents. This stipulation contains the entire agreement between the parties, there being no other agreement of any kind, verbal or otherwise, which varies the terms of this stipulation.

Dated: __11/24__, 1991.

_____
MICHAEL B. KOOPMEINERS, MD
Respondent

710 West Broadway
Minneapolis, Minnesota 55411

_____
THEODORE J. COLLINS
Attorney for Respondent

Collins, Buckley, Sauntry
& Haugh
1100 First National Bank Building
332 Minnesota Street
St. Paul, Minnesota 55101
Telephone: (612) 227-0611

_____
JOHN A. BREVIU
Attorney for Board

500 Capitol Office Building
525 Park Street
St. Paul, Minnesota 55103
Telephone: (612) 297-2040

Upon consideration of this stipulation and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the terms of this stipulation are adopted and implemented by the Board this ___ day of _____, 1992.

MINNESOTA BOARD OF

MEDICAL PRACTICE

By: _____

-6-

Re:   In the Matter of the Medical License of
      Michael B. Koopmeiners, MD
      Date of Birth: 5/20/52
      License Number: 25,515

STATE OF MINNESOTA)
                  ) ss.
COUNTY OF RAMSEY  )

KATHLEEN T. SCHLANGEN, being first duly sworn, hereby deposes and says:

That at the City of Saint Paul on January 23, 1992, she served the attached STIPULATION AND ORDER, by depositing in the United States mail at said City of Saint Paul, a true and correct copy thereof, properly enveloped, with first class postage prepaid, and addressed to:

> Theodore J. Collins
> Collins, Buckley, Sauntry & Haugh
> 1100 First National Bank Building
> 332 Minnesota Street
> St. Paul, MN  55101

*/s/ Kathleen T. Schlangen*

Subscribed and Sworn to before me
this 23rd day of January, 1992.

*/s/ Jane Hagedorn*
NOTARY PUBLIC

JANE HAGEDORN
NOTARY PUBLIC-MINNESOTA
RAMSEY COUNTY
MY COMMISSION EXPIRES OCTOBER 28, 1997