# EXHIBIT A

# FW: The Few, The Proud, The Forgotten v. VA

**Aaron Wenzloff**
Thu 8/31/2017 4:59 PM

To: Shikha Garg <shikha.garg@ylsclinics.org>; Helen White <helen.white@ylsclinics.org>;

FYI

*Aaron P. Wenzloff*
Robert M. Cover Fellow
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 209090
New Haven, CT 06520-9090
Phone: (203) 432-3928
Fax: (203) 432-1426
E-mail: aaron.wenzloff@ylsclinics.org

**From:** Larson, John (USACT) [mailto:John.Larson@usdoj.gov]
**Sent:** Thursday, August 31, 2017 4:58 PM
**To:** Aaron Wenzloff <aaron.wenzloff@ylsclinics.org>
**Subject:** RE: The Few, The Proud, The Forgotten v. VA

Hi Aaron,

I just wanted to let you know that this hasn't gotten lost in the shuffle and that I've been working on these requests with the individuals from the agency for the past couple weeks and continue to do so. We're working on responses to all of the questions/concerns you raised, and I'll forward them over to you as soon as I have them completed. Hope the end of your summer went well, and I'll be in touch soon.

John

**From:** Aaron Wenzloff [mailto:aaron.wenzloff@ylsclinics.org]
**Sent:** Tuesday, August 15, 2017 4:24 PM
**To:** Larson, John (USACT) <jlarson1@usa.doj.gov>
**Subject:** RE: The Few, The Proud, The Forgotten v. VA

John,

I hope this email finds you well. Thank you again for speaking with us a few weeks ago. I had hoped to send this email sooner, and I apologize for the delay. As we discussed, we agreed that moving forward it would be helpful to address problems in the searches and declarations as they are discovered. After the students carefully reviewed the search declarations, we identified several shortcomings with the search declarations we recently received:

**VBA Declaration (Brandi Taylor)**
- VBA used different search terms depending on the search. For example, on page 2 ¶ 6 of the declaration, terms such as "guidance", "policy", "procedure", and "process" are used to search emails whereas in the following

- paragraph, ¶ 7, none of these are included to search the Intranet. There is no justification given for choosing to use different terms for different searches.
- VBA failed to describe why Mr. Brad Flohr would be "the only VBA employee within VBA's Central Office who would have responsive records" on page 2 ¶ 6.
- Failed to explain who is included under the term "pertinent employees" on page 3 ¶ 7 and page 6 ¶ 14.
- Failed to explain why, on page 4 ¶ 9, only two personal storage files with no emails were found after exclaiming that "many employees" create PSTs to store emails.
- Failed to provide an adequate, thorough explanation as to why Exemption 5, 5 U.S.C. § 552(b)(5), based on the deliberative process was satisfied. Particularly, failed to provide specific information so that we may make a determination as to whether the exemption is satisfied.
- Failed to provide an adequate, thorough explanation as to why Exemption 6, 5 U.S.C. § 552(b)(6), based on personal privacy was satisfied.

**VHA Declaration (Carol Farer)**
- VHA failed to use adequate search terms on page 3 ¶ 6. Specifically, failed to include relevant terms such as "CLCW" and encased terms such as "SME Program" in quotation marks such that any search would miss the term "SME" without "program" immediately following.
- Failed to describe with specificity when the search terms on page 3 ¶ 6 were used.
- Failed to justify why different search terms are used for the search on page 5 ¶ 17, which includes terms such as "SME" and "CLCW" that were not included on page 3 ¶ 6.
- Failed to describe with specificity which VBA employee or which VBA office conducted each search. For example, page 2 ¶ 6 states that "Veterans Health Administration conducted a second broad search…" without any further identification.
- Failed to describe with specificity how each search was conducted. For example, on page 3 ¶ 7, it states that "the DMA network drive folder was searched along with all DMA employee emails for responsive records." There is no discussion of what this search entailed, such as terms used, databases/systems searched, etc.
- Failed to describe with specificity how the manual search on page 3 ¶ 6 was conducted. It states that a Camp Lejeune folder and SharePoint drive were "searched manually for determination of responsiveness to this request" without explaining the contours of this manual search at all.
- Failed to provide an adequate, thorough explanation as to why Exemption 5, 5 U.S.C. § 552(b)(5), based on the deliberative process was satisfied. Particularly, failed to provide information on the subject matter of the issue briefs so that we may make a determination as to whether the exemption was satisfied.
- Failed to provide an adequate, thorough explanation as to why Exemption 5 based on attorney-client privilege was satisfied. Particularly, failed to disclose the participants involved in the exchange so that we may make a determination as to whether this was in fact an attorney-client conversation.
- Failed to provide an adequate, thorough explanation as to why Exemption 6, 5 U.S.C. § 552(b)(6), based on personal privacy was satisfied.

We believe your client should undertake steps to correct the shortcomings in their declarations as described above as soon as possible.

Additionally, we think it is important for your client to revise their search terms to be comprehensive so as to avoid similar problems with searches that are still being conducted. Specifically, your client should use all relevant search terms and not encase terms in quotation marks where doing so would unnecessarily restrict the scope of the search. If different terms are used for different searches, your client should provide justification for doing so.

In our phone conversation, we discussed both VBA & VHA providing responsive documents on a bi-weekly rolling basis. Although we recognize the complexity of the searches involved, we would like to remain on top of this to ensure we are receiving documents as soon as possible. We recently received the ACDC Documents on the physical disc, along with additional VHA documents on August 10. However, we would like to check on the status of email searches that you indicated were currently being conducted. As you already suggested, responsive documents should be forwarded to us as soon as you receive them.

As we review the documents provided along with any future documents we receive, we will be in touch to discuss further problems.

Please let us know if you have any questions; we are happy to discuss this further on the telephone.

Thanks,
Aaron


**Aaron P. Wenzloff**
Robert M. Cover Fellow
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 209090
New Haven, CT 06520-9090
Phone: (203) 432-3928
Fax: (203) 432-1426
E-mail:aaron.wenzloff@ylsclinics.org

**From:** Larson, John (USACT) [mailto:John.Larson@usdoj.gov]
**Sent:** Friday, July 28, 2017 11:36 AM
**To:** Jenna Rowan <jenna.rowan@ylsclinics.org>
**Cc:** Tyler Ames <tyler.ames@ylsclinics.org>; Aaron Wenzloff <aaron.wenzloff@ylsclinics.org>
**Subject:** RE: The Few, The Proud, The Forgotten v. VA

Thanks again for taking the time to discuss. Attached is the VHA declaration regarding their supplemental production. Please feel free to reach out to me with any questions about anything concerning this process, and I will pass along your questions about the already-produced emails and the attachments going forward.

John

**From:** Jenna Rowan [mailto:jenna.rowan@ylsclinics.org]
**Sent:** Friday, July 28, 2017 10:06 AM
**To:** Larson, John (USACT) <jlarson1@usa.doj.gov>
**Cc:** Tyler Ames <tyler.ames@ylsclinics.org>; Aaron Wenzloff <aaron.wenzloff@ylsclinics.org>
**Subject:** Re: The Few, The Proud, The Forgotten v. VA

Hi John,

Thanks for the reply. We will give you a call at 11 am.

Best,
Jenna Rowan

**From:** Larson, John (USACT) <John.Larson@usdoj.gov>
**Sent:** 27 July 2017 14:01:29
**To:** Jenna Rowan
**Cc:** Tyler Ames; Aaron Wenzloff
**Subject:** RE: The Few, The Proud, The Forgotten v. VA

I have a conference call with the court in another matter at 10:30, but I expect it will be pretty short, so 11:00 should work. I'll be at 860-760-7960 if you want to call me then.

John

**From:** Jenna Rowan [mailto:jenna.rowan@ylsclinics.org]
**Sent:** Thursday, July 27, 2017 1:55 PM
**To:** Larson, John (USACT) <jlarson1@usa.doj.gov>
**Cc:** Tyler Ames <tyler.ames@ylsclinics.org>; Aaron Wenzloff <aaron.wenzloff@ylsclinics.org>
**Subject:** Re: The Few, The Proud, The Forgotten v. VA

Hi John,

Tomorrow morning works best for all of us. Do you have availability sometime around 10:30 / 11 a.m.?

Thanks,
Jenna Rowan

**From:** Larson, John (USACT) <John.Larson@usdoj.gov>
**Sent:** 27 July 2017 13:29:20
**To:** Jenna Rowan
**Cc:** Tyler Ames; Aaron Wenzloff
**Subject:** RE: The Few, The Proud, The Forgotten v. VA

Hello all,

Are you guys around to have a quick conference call to discuss? I'm generally flexible later this afternoon (or I'm also mostly free tomorrow if you'd prefer).

Thanks!

John

**From:** Jenna Rowan [mailto:jenna.rowan@ylsclinics.org]
**Sent:** Thursday, July 27, 2017 10:19 AM
**To:** Larson, John (USACT) <jlarson1@usa.doj.gov>
**Cc:** Tyler Ames <tyler.ames@ylsclinics.org>; Aaron Wenzloff <aaron.wenzloff@ylsclinics.org>
**Subject:** The Few, The Proud, The Forgotten v. VA

Mr. Larson,

We hope all is well with you. Thank you for your most recent update regarding the CD with more VBA records as well as the attached VBA's search declaration. Just to confirm, were you able to mail that CD yesterday?

In reviewing the responses, including both cover letters summarizing the responses, we noticed that VBA indicated that it intends to provide certain responsive records (requests 1, 10, 11, and 19) on a bi-weekly rolling basis to allow for an extensive search and review. Additionally, VHA indicated that responsive records for several requests (3, 11, and 19) would be covered in subsequent responses. We have not yet received any additional responses.

Can you please provide a date certain when document production will conclude? While we recognize the complexity of the searches, we are now well past the deadline established by the court for further production, and we believe our clients' interests are not served by an open-ended production timeline. Please let us know when we can expect to receive all the documents from both VBA and VHA responsive to this request.

In addition, VHA was to provide search declarations by July 24th and we have yet to receive any. Please give us an update, as we are now three days past the court's deadline.

Sincerely,

Jenna Rowan and Tyler Ames