# EXHIBIT E

The Few, The Proud, The Forgotten v. VA

Shikha Garg
Mon 10/15/2018 1:03 PM

To: Larson, John (USACT) <John.Larson@usdoj.gov>;

Cc: Michael Wishnie <michael.wishnie@ylsclinics.org>; Renee Burbank <renee.burbank@YLSClinics.org>; Corey Meyer <corey.meyer@ylsclinics.org>;

🔗 1 attachments (94 KB)
035909-035910 Exemption 5 Redaction.pdf;

John,

We have a few things we want to raise as we near the end of the production. First, we have a conflict with the January 11, 2019 in-person status conference and would like to schedule for some point in the week that follows. We would like to reach out to the Court to schedule a new date. If you are okay with rescheduling, are there any days in the week of January 14 that would or would not work for you and the folks from VA?

Second, we notice that in the status reports, the metrics are often shifting between number of documents, page numbers, and the categories assessed. Would it be possible to use a consistent set of metrics for the forthcoming status reports?

Third, we are noticing issues pertaining to exemptions and want to begin discussions on these issues sooner rather than later. As brought up during the motion for summary judgment, we are concerned with the VA's use of Exemption 6 to redact the names of SMEs from the documents they've produced. Last August we flagged for you a General Counsel FOIA decision letter that reversed a FOIA officer's decision to withhold the names of "all dermatologists and dermatology specialists" working in the Tuscon VA hospital because of the "countervailing public interest in knowing that VA employs qualified individuals." (The letter can be found here: https://bloximages.chicago2.vip.townnews.com/tucson.com/content/tncms/assets/v3/editorial/5/55/55534e63-ed64-5ffe-a5e7-4a812e3411af/599792bf241c1.pdf.pdf.) Were you able to bring this letter to the attention of the agency and discuss its relation to this FOIA request?

We also notice issues with the VA's use of Exemption 5. We understand that the VA will be providing Vaughn indices on January 11 which might contain more information on these redactions, but as of now, the VA's practice of broadly categorizing the documents withheld in the agency decision letters is not sufficient to evaluate whether the VA has properly applied this exemption. Some of the redactions also raise concerns. For example, pages 035909-035910 (attached here) are fully redacted pursuant to Exemption 5 and the agency letter lists these pages and several others as draft opinions and draft Q&As. However, the title at the top of the page, which is not redacted, refers to this document as "final." Please review with the agency to ensure that Exemption 5 is being applied properly and to ensure that the agency is providing sufficient explanation for its redactions.

Additionally, in the Vaughn indices, will the agency be specifying the Bates number of the final documents that correlate to withheld drafts?

As always, we are happy to chat on the phone if you'd prefer.

Best,
Shikha

Shikha Garg
*Law Student Intern*
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Organization