# EXHIBIT G

# RE: The Few, The Proud, The Forgotten v. VA

Larson, John (USACT) <John.Larson@usdoj.gov>

Tue 10/30/2018 10:46 AM

To: Corey Meyer <corey.meyer@ylsclinics.org>;

Cc: Michael Wishnie <michael.wishnie@ylsclinics.org>; Renee Burbank <renee.burbank@YLSClinics.org>; Shikha Garg <shikha.garg@ylsclinics.org>;

Nope, not yet.  We have discussed them a bit and they are consulting internally, after which we are going to talk again.  I'll let you know when we have an official response.

John

**From:** Corey Meyer <corey.meyer@ylsclinics.org>
**Sent:** Tuesday, October 30, 2018 10:39 AM
**To:** Larson, John (USACT) <jlarson1@usa.doj.gov>
**Cc:** Michael Wishnie <michael.wishnie@ylsclinics.org>; Renee Burbank <renee.burbank@YLSClinics.org>; Shikha Garg <shikha.garg@ylsclinics.org>
**Subject:** Re: The Few, The Proud, The Forgotten v. VA

John,

Are there any updates on the VA's position on the exemptions?

Corey

**From:** Larson, John (USACT) <John.Larson@usdoj.gov>
**Sent:** Tuesday, October 23, 2018 3:10:58 PM
**To:** Corey Meyer
**Cc:** Michael Wishnie; Renee Burbank; Shikha Garg
**Subject:** RE: The Few, The Proud, The Forgotten v. VA

Hi Corey,

Yes, same number.  I have passed on your email to the agency and intend to work with them on it, but I haven't had a chance to get into it with them in any meaningful way.  To the extent there are concerns, I obviously hope to be able to work through them prior to the end of production, but I don't know what the VA's position on the exemptions quite yet.

Thanks, and I looking forward to talking to you all on Thursday.

John

**From:** Corey Meyer <corey.meyer@ylsclinics.org>
**Sent:** Tuesday, October 23, 2018 3:02 PM
**To:** Larson, John (USACT) <jlarson1@usa.doj.gov>
**Cc:** Michael Wishnie <michael.wishnie@ylsclinics.org>; Renee Burbank <renee.burbank@YLSClinics.org>; Shikha Garg

<shikha.garg@ylsclinics.org>
**Subject:** Re: The Few, The Proud, The Forgotten v. VA

John,

We wanted to confirm that we will be using the same dial-in as the previous status conference: Tel: 866-807-3681, Code: 1705360. Also, are there any updates regarding our questions on exemptions? We aren't intending to discuss any of those concerns with the court Thursday, so no worries if you need a little more time to get back to us.

Best,
Corey

---

**From:** Shikha Garg
**Sent:** Tuesday, October 16, 2018 8:15:26 PM
**To:** Larson, John (USACT)
**Cc:** Michael Wishnie; Renee Burbank; Corey Meyer
**Subject:** Re: The Few, The Proud, The Forgotten v. VA

Thanks for letting us know, John, and of course no rush on getting back to us on rescheduling Jan. 11 and the exemption questions - next week will be fine. We appreciate your efforts to make sure this week's status report uses comparable metrics.

On Oct 16, 2018, at 6:40 PM, Larson, John (USACT) <John.Larson@usdoj.gov> wrote:

> Hello all,
>
> I am in South Carolina for training all week, so I'm not in the best position to answer these right now, but I didn't want you to think I was ignoring you. In the meantime, I'm of course ok with moving the January in-person status conference, but I have jury selection on January 15 in another case, and I'm not sure when the court intends to proceed with evidence, so that could pose a small problem to rescheduling. But let me see if I can get some more information once I'm back at my desk, and I'll let you know.
>
> With respect to the status report figures, I think I may have mentioned this on the last conference call with the court, but while we typically have used documents, the contractor reports to us in pages, so that's what I've been reporting. I understand the confusion, though, and I'll see what I can get in advance of Friday.
>
> I'll respond to the other issues raised when I'm back in CT next week.
>
> Thanks,
>
> John
>
> ---
>
> **From:** Shikha Garg [mailto:shikha.garg@ylsclinics.org]
> **Sent:** Monday, October 15, 2018 1:04 PM
> **To:** Larson, John (USACT) <jlarson1@usa.doj.gov>
> **Cc:** Michael Wishnie <michael.wishnie@ylsclinics.org>; Renee Burbank <renee.burbank@YLSClinics.org>; Corey Meyer <corey.meyer@ylsclinics.org>
> **Subject:** The Few, The Proud, The Forgotten v. VA
>
> John,

We have a few things we want to raise as we near the end of the production. First, we have a conflict with the January 11, 2019 in-person status conference and would like to schedule for some point in the week that follows. We would like to reach out to the Court to schedule a new date. If you are okay with rescheduling, are there any days in the week of January 14 that would or would not work for you and the folks from VA?

Second, we notice that in the status reports, the metrics are often shifting between number of documents, page numbers, and the categories assessed. Would it be possible to use a consistent set of metrics for the forthcoming status reports?

Third, we are noticing issues pertaining to exemptions and want to begin discussions on these issues sooner rather than later. As brought up during the motion for summary judgment, we are concerned with the VA's use of Exemption 6 to redact the names of SMEs from the documents they've produced. Last August we flagged for you a General Counsel FOIA decision letter that reversed a FOIA officer's decision to withhold the names of "all dermatologists and dermatology specialists" working in the Tuscon VA hospital because of the "countervailing public interest in knowing that VA employs qualified individuals." (The letter can be found here: https://bloximages.chicago2.vip.townnews.com/tucson.com/content/tncms/assets/v3/editorial/5/55/55534e63-ed64-5ffe-a5e7-4a812e3411af/599792bf241c1.pdf.pdf.) Were you able to bring this letter to the attention of the agency and discuss its relation to this FOIA request?

We also notice issues with the VA's use of Exemption 5. We understand that the VA will be providing Vaughn indices on January 11 which might contain more information on these redactions, but as of now, the VA's practice of broadly categorizing the documents withheld in the agency decision letters is not sufficient to evaluate whether the VA has properly applied this exemption. Some of the redactions also raise concerns. For example, pages 035909-035910 (attached here) are fully redacted pursuant to Exemption 5 and the agency letter lists these pages and several others as draft opinions and draft Q&As. However, the title at the top of the page, which is not redacted, refers to this document as "final." Please review with the agency to ensure that Exemption 5 is being applied properly and to ensure that the agency is providing sufficient explanation for its redactions.

Additionally, in the Vaughn indices, will the agency be specifying the Bates number of the final documents that correlate to withheld drafts?

As always, we are happy to chat on the phone if you'd prefer.

Best,
Shikha

Shikha Garg
*Law Student Intern*
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Organization