**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| THE FEW, THE PROUD, | : | Case No. 3:16-cv-647(VAB) |
| THE FORGOTTEN, et al., | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF | : | |
| VETERANS AFFAIRS, | : | |
|     Defendant. | : | September 13, 2019 |

## CONSENT MOTION FOR EXTENSION OF TIME

      Pursuant to Local Civil Rule 7(b), the defendant, the United States Department of

Veterans Affairs (the "VA"), respectfully moves the court for a ten-day extension of

time, to and including September 30, 2019, within which to complete the production of

documents contemplated by the court's August 14, 2019 order requiring the VA to

reproduce without redactions certain documents previously redacted pursuant to

Exemption 6 of the Freedom of Information Act.  Counsel for the plaintiffs has indicated

that they consent to the relief requested in this motion.  The VA assumes the court's

familiarity with the background of this litigation, and in support of this motion states as

follows:

      1.     On May 17, 2019, the plaintiffs filed a motion for summary judgment or,

in the alternative, a renewed motion for civil contempt.  (See docket entry no. 147.)  In

that filing, the plaintiffs challenged the VA's redactions of the identities of so-called

"subject matter experts" ("SMEs") pursuant to Exemption 6 of the Freedom of

Information Act in documents that were produced to the plaintiffs in response to the

FOIA request that was the subject of this case.

2.      In response to the plaintiffs' FOIA request, the VA, through two of its subcomponents, produced approximately 155,000 pages of documents – about 149,000 of which were produced by the Veterans Health Administration ("VHA"), with the remaining pages produced by the Veterans Benefits Administration ("VBA").  A substantial portion of those pages took the form of either qualification documents such as resumes or emails; those documents also contained Exemption 6 redactions of SME names.

3.      On August 14, 2019, the court denied the plaintiffs' motions but concluded that the VA's redactions were improper under Exemption 6.  As a result, the court ordered the VA to provide "the already produced resumes and e-mails without the redaction of the subject matter expert names by September 20, 2019."  (Order, docket entry no. 152, at 20.)

4.      Upon receipt of the court order, counsel for the VA simultaneously prepared to comply with the court's production order while also complying with the federal government's procedures for obtaining an appeal determination in the face of an adverse judicial decision.

5.      As to the former, VA personnel immediately began to work on preparing reproduction of the documents that fall within the court's order, and they have been working diligently on that task since the court's order was filed.  Specifically, VHA personnel have been working to unredact the SME resumes, and in light of the overwhelming number of emails at issue and the deadline to reproduce them, VHA also began to procure at significant expense the services of a contractor that could more

quickly process reproduction of the relevant emails.  At the same time, VBA personnel have been working with the documents that VBA produced, preparing those documents for reproduction in accordance with the court's order.

6.      As to the appeal determination, the Office of the Solicitor General ("OSG") has the ultimate responsibility to determine whether to take an appeal of an adverse decision.  See generally Justice Manual, Title 2.  At the time of filing, OSG has not made a final determination as to whether the VA will file an appeal concerning the court's August 14, 2019 order.

7.      Given the scope of the production at issue in this case and the VA's need for outside contractor support to complete the required tasks, the VA believes that it would need a short extension of time to produce the relevant documents provided OSG makes a determination not to file an appeal.  Good cause warrants granting this motion because despite the agency's diligent ongoing efforts, efforts that began immediately after the court's decision and did not wait for an appeal determination by OSG, the agency will not be able to complete processing the reproduced documents by the current deadline.

8.      The requested extension is reasonable under the circumstances and will not unfairly prejudice the plaintiffs, who consent to the relief requested in this motion.

9.      This is the first motion for extension of time filed by the VA with respect to this deadline.

WHEREFORE, for the foregoing reasons, the defendant respectfully moves the court for an extension of time to and including September 30, 2019, within which to complete production in compliance with the court's August 14, 2019 order.

Respectfully submitted,

John H. Durham
United States Attorney

___/s/_____
John W. Larson (ct28797)
Assistant United States Attorney
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
Tel: 860-947-1101
Fax: 860-760-7979
john.larson@usdoj.gov